FILED
BILLINGS DIV.
2007 SEP 6 PM 4 10
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

CLERK OF THE
DISTRICT COURT
LAURA A. SPRENT
2007 APR 27 PM 4 38
FILED
BY _____
DEPUTY

DAVID L. CHARLES
WILLIAM D. LAMDIN, III
JEFFERY J. OVEN
CROWLEY, HAUGHEY, HANSON,
TOOLE & DIETRICH P.L.L.P.
500 Transwestern Plaza II
490 North 31ST Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Fax: (406) 252-5292

Attorneys for Plaintiff

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| MARGARETA M. DANGERFIELD, | Cause No.: **DV 07-0571** |
| Plaintiff, | District Judge: **GREGORY R. TODD** |
| vs. | |
| PATRICK P. DAVISON, and UBS FINANCIAL SERVICES, INC., | **COMPLAINT**<br>**REQUEST FOR JURY TRIAL** |
| Defendants. | 120/167489 |

Plaintiff Margareta M. Dangerfield, through its attorneys Crowley, Haughey, Hanson, Toole, & Dietrich, P.L.L.P., submits this Complaint against defendants Patrick P. Davison and UBS Financial Services, Inc. and states as follows:

**PARTIES**

1. Plaintiff Margareta M. Dangerfield is a resident of Yellowstone County, Montana.

2. Defendant UBS Financial Services, Inc. ("UBS") is incorporated under the laws of the State of Delaware. UBS has offices in the State of Montana, provides financial services

to investors within the State of Montana and is authorized to conduct business in the State of Montana.

3. Defendant Patrick P. Davison ("Davison"), at all relevant times, is and was a resident of Yellowstone County, Montana.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. From on or around May 1998 through February 2003, Defendant Davison was employed by UBS, and/or its predecessors in interest, including but not limited to, PaineWebber (hereinafter referred to as UBS), in Billings, Montana as an investment advisor.

5. Upon information and belief, from on or around May 15, 1998 through March 7, 2003, Defendant Davison was registered by the State of Montana to sell securities and, with the actual knowledge of UBS, was not lawfully registered to do so after that time.

6. From on or around March of 2003 until July 2006, with the actual knowledge of UBS, Davison continued to sell securities, including fraudulent securities, as an investment advisor and business consultant in Billings, Montana.

7. On March 14, 2002, Plaintiff invested $200,000 with UBS through its agent Davison. The investment was made in a fund described by UBS' agent as the "JNR Trust Fund." Davison, and most likely other members of UBS, knew that such a Fund did not exist, and yet Davison represented to Ms. Dangerfield that he was on the Board of Directors of a prestigious Family Trust, the JNR Trust. UBS, through Davison, further represented, knowing that no such investment existed, that Ms. Dangerfield would see returns in the amount of eight percent (8%) if she placed her money in these fictitious investments.

8.  Believing that she was investing in JNR Trust Fund investments, Ms. Dangerfield made investments totaling $840,000.00 between March 2002 and July 2005.

9.  Ms. Dangerfield also invested an additional $100,000 from the Gordon L. Dangerfield Credit Trust on April 20, 2004 into these JNR Trust Fund investments.

10. In an effort to lull Ms. Dangerfield into thinking her investments were legitimate, UBS' agent Davison made "interest payments" to Ms. Dangerfield, which she received and reported, including a $40,000 interest payment in December 2004 which she reinvested with Davison. Davison, and most likely others at UBS, knew these payments did not represent the actual accrual of interest on principle amounts of bona fide investments.

11. UBS' agent Davison, and most likely others at UBS, converted all or part of Ms. Dangerfield's invested money to their own personal use.

12. UBS at all times knew, or should have known, of Pat Davison's business dealings and above alleged misconduct.

13. At all relevant times, UBS knew of problems with Davison and his investment activities and yet it failed to warn Ms. Dangerfield of those problems or the likelihood that her investments were false.

14. At all relevant times, Davison and UBS concealed their above alleged misconduct and actively prevented the discovery of their misconduct and the resultant damages.

15. Hereinafter, due to unity of action, agency, and knowledge (both actual and as a matter of law), Davison and UBS are hereinafter referred to as "UBS."

## COUNT I
### Securities Fraud -- § 30-10-101 MCA et seq.

16. Ms. Dangerfield realleges paragraphs 1-15 as if fully set forth herein.

17. In connection with the offer of sale and sale of securities to Ms. Dangerfield, UBS employed a device, scheme, and artifice to defraud Ms. Dangerfield.

18. UBS made untrue statements of material fact and engaged in a course of business that operated as a fraud and deceit upon Ms. Dangerfield.

19. UBS knew that the statements were untrue and that its conduct constituted fraud and deceit.

20. UBS directly or indirectly controlled its agent Davison and in the exercise of reasonable care knew of should have known of the existence of the facts underlying this Complaint.

21. As a result of UBS' misconduct, Ms. Dangerfield was damaged in an amount to be determined at trial.

## COUNT II
### Common Law Fraud

22. Ms. Dangerfield realleges paragraphs 1-21 as if fully set forth herein.

23. UBS represented to Ms. Dangerfield that she should invest in JNR Trust Fund investments, knowing that these investments did not exist.

24. UBS intended that Ms. Dangerfield act on its misrepresentations and invest money into these fictitious investments.

25. Ms. Dangerfield did not know the JNR Trust Fund Investments were fictitious and relied on UBS' misrepresentations in making investments.

26. Ms. Dangerfield had the right to rely on UBS' representations.

27. As a result of her reliance on UBS' misrepresentations, Ms. Dangerfield was damaged in an amount to be determined at trial.

## COUNT III
### Breach of Contract

28. Ms. Dangerfield realleges paragraphs 1-27 as if though fully set forth herein.

29. UBS breached its contractual obligations to Ms. Dangerfield in that UBS failed to exercise due care in investing Ms. Dangerfield's money. UBS also breached its contractual obligations to invest Ms. Dangerfield's money in legitimate investments.

30. The failure by UBS to exercise due care and invest Ms. Dangerfield's money in legitimate investments represents a breach of agreements between the parties.

31. As a result of UBS' breach of contract, Ms. Dangerfield has been damaged in an amount to be determined at trial.

## COUNT IV
### Breach of Fiduciary Duty

32. Ms. Dangerfield realleges paragraphs 1-31 as if though fully set forth herein.

33. UBS had a fiduciary duty to Ms. Dangerfield.

34. UBS breached its fiduciary duty.

35. Ms. Dangerfield has been damaged by UBS' breach of fiduciary duty in an amount to be determined at trial.

## COUNT V
### Breach of the Implied Covenant of Good Faith and Fair Dealing

36. Ms. Dangerfield realleges paragraphs 1-35 as if though fully set forth herein.

37. In every contractual relationship is an obligation of good faith and fair dealing.

38. UBS breached the implied covenant of good faith and fair dealing when it made misrepresentations to Ms. Dangerfield and invested her money in fictitious investments.

39. As a result of UBS' breach, Ms. Dangerfield has been damaged in an amount to be determined at trial.

## COUNT VI
### Deceptive Acts and Practices

40. Ms. Dangerfield realleges paragraphs 1-39 as if though fully set forth herein.

41. Pursuant to § 30-14-103, MCA, unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

42. UBS engaged in unfair or deceptive acts or practices in advising Ms. Dangerfield to invest in fictitious securities and failing to invest her money in legitimate securities or investments.

43. Ms. Dangerfield is entitled to bring an action against UBS pursuant to § 30-14-133, MCA, based upon UBS' unfair or deceptive practices.

44. Pursuant to § 30-14-133, MCA, Ms. Dangerfield is entitled to recover treble damages and the reasonable attorneys' fees that Ms. Dangerfield incurs in prosecuting this claim.

## COUNT VII
### Deceit

45. Ms. Dangerfield realleges paragraphs 1 through 44 as if fully set forth herein.

46. UBS willfully deceived Ms. Dangerfield about the existence of certain investments and advised that she invest in fictitious investments.

47. UBS' intent was to induce Ms. Dangerfield to alter her position to her injury and risk.

48. Ms. Dangerfield relied on UBS' representations and suffered damages in an amount to be proven at trial.

49. Pursuant to § 27-1-712, MCA, UBS is liable for damages suffered by Ms. Dangerfield as a result of such deceit.

## COUNT VIII
### Negligent Supervision

50. Ms. Dangerfield realleges paragraphs 1 through 49 as if fully set forth herein.

51. UBS had a duty to monitor and supervise the activities of its agents and representatives.

52. UBS failed to adequately monitor and supervise the activities of Davison, who was taking client money, including Ms. Dangerfield's money, to invest in fictitious investments.

53. UBS breached its duty to monitor and supervise the activities of Davison, and as a result of its breach, Ms. Dangerfield has been damaged in an amount to be determined at trial.

54. UBS' breach of duties to Ms. Dangerfield, as alleged above, occurred during Mr. Davison's employment at UBS, during his termination, and during his subsequent business practices.

## COUNT IX
### Negligence

55. Ms. Dangerfield realleges paragraphs 1 through 55 as if fully set forth herein.

56. UBS had a duty of care towards its customers, including Ms. Dangerfield.

57. UBS failed to adequately audit its agent Davison's accounts, which would have revealed Davison's misconduct.

58. UBS failed to discover, which it could have done through reasonable and normal diligence, the misconduct of its agent Davison.

59. UBS' failure to audit Davis' accounts and its failure to discover Davison's misconduct constituted a breach of its duty of care towards Ms. Dangerfield.

60. UBS failed to warn Ms. Dangerfield of any problems or irregularities in the conduct of Davison.

61. As a result of UBS' breach, Ms. Dangerfield has been damaged in an amount to be determined at trial.

### COUNT X
### Punitive Damages

62. Ms. Dangerfield realleges paragraphs 1 through 61 as if fully set forth herein.

63. Plaintiff alleges that UBS had knowledge of facts or intentionally disregarded facts relating to its agent Davison's misconduct creating a high probability of injury to Ms. Dangerfield and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Ms. Dangerfield or deliberately proceeded to act with indifference to the high probability of injury to Ms. Dangerfield.

64. Plaintiff further alleges that UBS' misconduct constituted actual fraud.

65. Plaintiff further alleges that UBS' misconduct constituted malice.

66. Accordingly, Ms. Dangerfield is entitled to an award of punitive damages pursuant to § 27-1-220 MCA.

WHEREFORE, Ms. Dangerfield prays for judgment against UBS as follows:

1. For damages in an amount to be established at the time of trial to compensate Ms. Dangerfield for losses sustained as a result of UBS' misconduct.

2. For punitive damages, treble damages, and any other penalties allowed by law.

3. For attorney's fees and costs of suit.

4. For such other and further relief as the Court deems proper.

DATED this 27th day of April, 2007.

CROWLEY, HAUGHEY, HANSON,
TOOLE & DIETRICH P.L.L.P.


By_____
DAVID L. CHARLES
WILLIAM D. LAMDIN, III
JEFFERY J. OVEN
P. O. Box 2529
Billings, MT 59103-2529
Attorneys for Plaintiff Margareta M. Dangerfield

1
2
3  **DEMAND FOR JURY TRIAL**
4  Plaintiff hereby demands a trial by jury.
5  DATED this 27TH day of April, 2007.
6
7                    CROWLEY, HAUGHEY, HANSON,
                     TOOLE & DIETRICH P.L.L.P.
8
9  By _____
                     DAVID L. CHARLES
10                   WILLIAM D. LAMDIN, III
                     JEFFERY J. OVEN
11                   P. O. Box 2529
                     Billings, MT 59103-2529
12                   Attorneys for Plaintiff Margareta M. Dangerfield
13
14
15
16
17
18
19
20
21
22
23
24
25