IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARGARETA M. DANGERFIELD ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> PATRICK P. DAVISON and UBS FINANCIAL ) <br> SERVICES, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | CV-07-121-BLG-RFC <br><br> ORDER GRANTING <br> MOTION TO REMAND |

On April 27, 2007, Plaintiff Margareta Dangerfield filed her Complaint in Montana's Thirteenth Judicial District Court, Yellowstone County against Defendants Patrick Davison and UBS Financial Services. *Doc. 3.* Plaintiff seeks compensatory and punitive damages for wrongs arising out of the sale of fictitious securities. In the Complaint, Plaintiff alleges she and Davison are citizens of Montana and that UBS is a citizen of Delaware conducting business in Montana. *Doc. 3, ¶¶ 1-3.* On September 6, 2007, UBS removed the case to this Court claiming Davison was a citizen and resident of Oregon at the time the Complaint was filed. *Doc. 1.* Presently before the Court is Plaintiff's Motion to Remand, brought on the grounds that there is not complete diversity of citizenship because Davison remains a citizen of Montana and has not changed his domicile to Oregon or any other state. *Doc. 4.*

Federal courts are courts of limited jurisdiction and it is presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing federal jurisdiction rests upon the party asserting it. *Id.* To prove citizenship for diversity jurisdiction purposes, a party must be a citizen of the United

1

States and domiciled in a state of the United States at the time the lawsuit is filed. *Lew v. Moss,* 797 F.2d 747, 749, 750 (9th Cir. 1986). A person is domiciled in a state where he has (1) established a fixed habitation or abode in a particular place and (2) intends to remain there permanently or indefinitely. *Id.* at 750. A person's domicile is not lost until a new one is acquired. *Id.* A change in domicile requires the confluence of (1) physical presence at the new location and (2) an intention to remain there indefinitely. *Id.*

UBS claims the requirement of complete diversity of parties is satisfied because the uncontradicted evidence establishes Oregon residence for Davison at the time the Complaint was filed. However, residence is not the equivalent of domicile. Although Davison may have been physically present in Oregon on April 27, 2007 when the Complaint was filed, UBS offers no evidence that he intended to remain there indefinitely. In April of 2007, Davison was awaiting sentencing by this Court on a conviction which exposed him to a maximum sentence of 10 years imprisonment–he could not have intended to remain in Oregon indefinitely. Significantly, after being sentenced Davison was allowed to remain free on bail pending designation of facility by the Bureau of Prisons. He did not return to Oregon, but chose to spend this time in his hometown of Fort Benton, Montana.

The decision to remand this case is buttressed by the Ninth Circuit's recent affirmation that 28 U.S.C. § 1441, through which this case was removed, is to be "strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court." *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247 (9th Cir. 2006). Finally, Davison is a long-time resident of Montana. In the Ninth Circuit, there is a presumption in favor of a prior domicile as opposed to a newly acquired one. *Lew,* 797 F.2d at 751. UBS has failed to overcome this

2

presumption.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (*Doc. 4*) is **GRANTED.**

**IT IS FURTHER ORDERED** that UBS's basis for removal, although incorrect, was "objectively reasonable" and Plaintiff's request for fees and costs is **DENIED.** *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Dated this 12th day of October, 2007.

Richard F. Cebull
United States District Judge